**Docket No. 22-2134**

---

**UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

---

**UNITED STATES OF AMERICA,**
**Appellee.**
**v.**

**SHAMEK HYNSON,**
**Appellant.**

---

Appeal from the June 3, 2022 Denial of Appellant's Motion for Imposition of a
Reduced Sentence Pursuant to Section 404 of the First Step Act by
The District Court for the Eastern District of Pennsylvania.
No. 05-576-2   (Sanchez, J.)

**BRIEF FOR THE APPELLANT**

Steve E. Jarmon, Jr., Esq
Attorney I.D. No. 200600
24 E. Market St, PO Box 565
West Chester, PA19381
610-701-4414
sjarmon@lambmcerlane.com
Attorney for the Appellant

# **TABLE OF CONTENTS**

**PAGE**

Table of Citations…………………………………………. iii

Statement of Subject Matter Jurisdiction………………… **1**

Statement of Appellate Jurisdiction……………………….. **1**

Statement of the Issues…………………………………. **1**

Statement of Related Cases……………………………….. **1**

Statement of The Case…………………………………. **1**

Summary of Argument…………………………………. **3**

Argument………………………………………………… **3**

   **THE DISTRICT COURT COMMITTED LEGAL ERROR
WHEN IT DENIED APPELLANT'S MOTION FOR IMPOSITION
OF A REDUCED SENTENCE UNDER SECTION 404 OF
THE FIRST STEP ACT**………………………………… **3**

Conclusion……………………………………………… **5**

Combined Certifications…………………………………. **7**

Volume I Appendix (Attached to paper copies).

# **TABLE OF CITATIONS**

**PAGE**

**Cases**

United States v Easter, 975 F.3d 318 (3d Cir. 2020). …………………    **3, 5**

United States v. Tomko, 562 F.3d 558 (3d Cir. 2009)………………..    **4**

United States v. Diaz, 639 F.3d 616, (3d Cir. 2011)………………    **4**

United States v. Manzella, 475 F.3d 152 (3d Cir. 2007)………………    **4**

**Constitution, Statutes and Rules**

18 U.S.C. § 3231……………………………………………………...    **1**

18 U.S.C. §3742(a)(1) …………………………………………………...    **1, 4**

28 U.S.C. §1291………………………………………………………….    **1**

18 U.S.C. §3553(a)…………………………………………………………    **1**

Fed.R.App.P. 4(b)………………………………………………………….    **1**

U.S. SENTENCING COMM'N *First Step Act of 2018 Resentencing Provisions Retroactivity Data Rep't* (Aug. 2019) ...................................................................    **1**

## STATEMENT OF JURISDICTION

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231

and 3582(c)(1)(B).  Appellate jurisdiction rests upon 28 U.S.C § 1291.  The

judgment was entered on June 3, 2022.  A timely notice of appeal under

Fed.R.App.P. 4(b) was filed on June 16th, 2022.

## STATEMENT OF THE ISSUES

Whether the District Court erred in not giving renewed consideration to the

18 U.S.C. §3553(a) sentencing factors when denying Appellant's motion for a

reduced sentence pursuant to Section 404 of the First Step Act.

## RELATED CASES AND PROCEEDINGS

Appellant had originally appealed his conviction to this Court in case

number 09-3393 and this Court affirmed the conviction.  Appellant then made a

motion to the District Court for a new sentence and was denied. Appellant then

appealed to this Court and this Court affirmed the decision of the District Court.

Co-Defendant Prince Isaac (District Court 05-576-1) was convicted along

with Appellant and sentenced to Life along with consecutive imprisonment. He

appealed that conviction to this Court and the Life sentence remained. That case

was listed at 08-4755.  Mr. Isaac also filed a motion to vacate his sentence with the

District Court which was denied. He appealed that decision to this Court (20-483) and this Court affirmed the District Court's denial.

Co-Defendant Dwight Williams (District Court 05-576-4) was sentenced to time served by the District Court and did not seek an appeal with this Court.

The disposition of Co-Defendant Steven Gonzalez (District Court 05-576-3) is sealed but it does not appear that he sought to appeal the disposition.

## STATEMENT OF THE CASE

On August 10th, 2009 after being found guilty by a jury for Conspiracy to Distribute 50 grams or more of Cocaine Base, Use and Carrying a Firearm During Commission of Drug Trafficking Crime, multiple counts of Tampering With a Witness and Convicted Felon in Possession of a Firearm, the Honorable District Court sentenced Appellant to Life in Prison followed by 120 consecutive months of imprisonment. Appx84.

On May 19th, 2019 Appellant filed a Motion for Imposition of a Reduced Sentence pursuant to Section 404 of the First Step Act.  Appx39.  On January 29, 2020, the government responded to appellant's motion agreeing that Appellant was eligible for a reduction but asked that the District Court exercise its discretion by not altering the sentence. Appx66.

On June 3rd, 2022, the District Court entered an order denying appellant's motion to reduce the sentence and submitted an accompanying memorandum. Appx3,4.

In the memorandum, the District Court discussed the Section 3553(a) sentencing factors but merely cites to its analysis of those factors in 2009 when the District Court first sentenced the Appellant. The District Court did not do a renewed contemporary application of the Section 3553(a) sentencing factors to Appellant's motion. Appx8-11.

## SUMMARY OF ARGUMENT

Appellant was convicted of a crack cocaine offense, and Congress later lowered the statutory penalties for that offense through the Fair Sentencing Act of 2010. As the Government conceded and as the District Court found, Appellant was thus eligible for a reduction of sentence under Section 404 of the First Step Act, which, among other things, allows the District Court to impose a new sentence as if the Fair Sentencing Act had been in effect when he committed the offense. In addressing Mr. Hynson's sentence, the District Court did not give *renewed* consideration to the Section 3553(a) sentencing factors as required by this Court in United States v Easter 975 F.3d 318 (3d Cir. 2020).  Therefore, this Court must remand Appellant's case for resentencing.

## ARGUMENT

### THE DISTRICT COURT COMMITTED LEGAL ERROR WHEN IT DENIED APPELLANT'S MOTION FOR IMPOISTION OF A REDUCED SENTENCE UNDER SECTION 404 OF THE FIRST STEP ACT.

Standard and Scope of Review:

This Court reviews a criminal sentence for a violation of law, *see* 18 U.S.C. § 3742(a)(1), and for procedural and substantive reasonableness. *See United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (*en banc*). Although an abuse of discretion standard applies to reasonableness review, an error of law is reviewed *de novo*. *See United States v. Diaz*, 639 F.3d 616, 619 (3d Cir. 2011). Here, the district court violated the law by not giving renewed consideration to § 3553(a) and so a *de novo* review standard applies. *See United States v. Manzella*, 475 F.3d 152, 156 (3d Cir. 2007).

A jury found Appellant guilty of a drug offense involving 50 grams of crack cocaine. At the time, the statutory penalty for 50 grams of crack cocaine under 21 U.S.C. § 841(b)(1)(A)(iii) was a minimum of ten years and a maximum term of life, with a minimum term of supervised release of 5 years. The Fair Sentencing Act of 2010 altered the penalties for Appellant's offense so that he would now face a mandatory minimum of five years and a maximum of 40 years if the offense involved "28 grams or more," but less than 280 grams of crack cocaine. 21 U.S.C. § 841(b)(1)(B)(iii) (2018). Section 404 of the First Step Act made the amended penalties retroactive to those, like Appellant, who were convicted before 2010. And in so doing, provides that a court "impose a reduced sentence as if . . . the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-319, § 404(b), 132 Stat.5194 (2018).

All parties agree that appellant was eligible for a reduction of sentence under Section 404 of the First Step Act. All parties agree that once eligibility has been established it is within the discretion of the District Court whether to issue a new sentence. As noted by the District Court in their denial memorandum, while given

broad discretion, the Court is required to give consideration to the Section 3553(a) sentencing factors prior to declining a motion. The Disrict Court stated in its memorandum "Additionally, "when deciding whether to exercise its discretion under § 404(b) of the First Step Act to reduce a defendant's sentence, including the term of supervised release, the district court must consider all of the § 3553(a) factors to the extent they are applicable." *United States v. Easter*, 975 F.3d 318, 326 (3d Cir. 2020)." Appx7.

While all parties agree that the section 3553(a) factors must be considered, the disagreement lies in when those factors must be applied. The District Court clearly believes that as long as the sentencing factors were considered at the time of the original sentence than that satisfies the requirement laid out in *Easter*. The Court almost exclusively cites to the transcripts of the original sentencing hearing to show that it had considered the Section 3553(a) sentencing factors to deny Appellant's motion for a reduced sentence. This is not enough. *Easter* requires a *renewed* consideration of the section 3553(a) factors. *Easter* states plainly that they are joining the Sixth Circuit in holding that a 404 review "at a minimum- includes an accurate calculation of the amended guideline range at the time of resentencing and thorough renewed consideration of § 3553(a) factors." *United States v. Easter*, 975 F.3d 318, 326 (3d Cir. 2020). It is clear from the District Court's memorandum that neither a guideline calculation nor a renewed consideration was done in this particular case. The essence of *Easter* is that a reviewing district court should apply the sentencing factors contemporaneously with its decision to grant or deny a motion for reduced sentence and not rely on its analysis from the original sentencing hearing.

## CONCLUSION

For the foregoing reasons, Appellant requests that this Honorable Court vacate the order of the District Court denying him relief under the First Step Act and remand for resentencing.

  /s/ S. Jarmon        

STEVE E. JARMON, JR., ESQUIRE

24 E. Market St, P.O. Box 565

West Chester, PA 19381

(610-701-4414)

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Steve E. Jarmon, Jr., certify that I am admitted to practice before the United States Court of Appeals for the Third Circuit; and

I certify that a virus detection program has been run on the electronic Brief and Appendixes being filed with the Court, that the electronic Brief and Appendixes are virus free and that the anti-virus software being used to ensure this is ESET Endpoint Antivirus; and

I certify that the text of the electronic Brief and Appendixes being filed with the Court are identical to text in the paper copies being sent to the Court.

I hereby certify that a copy of this brief was served on all counsel of record through the Court's Electronic Case Filing System.

I hereby certify that Appellant's Brief word count is 1536.

**LAMB McERLANE PC**

Dated: November 30, 2022                 By:    /s/ Steve E. Jarmon, Jr.
                                                Steve E. Jarmon, Jr.
                                                PA. ID No. 200600
                                                24 East Market Street, Box 565
                                                West Chester, PA 19381-0565
                                                (610) 430-8000

                                                *Counsel for Appellant*

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

---

NO. 22-2175

UNITED STATES OF AMERICA,

v.

Shamek Hynson,
Appellant

---

## APPENDIX VOLUME 1 (PAGES 1-12)

Appeal from the June 3, 2022 Denial of Appellant's Motion for Imposition of a
Reduced Sentence Pursuant to Section 404 of the First Step Act by
The District Court for the Eastern District of Pennsylvania.
No. 05-576-2  (Sanchez, J.)

---

**LAMB McERLANE PC**
Steve E. Jarmon, Jr.,Esq
Attorney I.D No. 200600
24 East Market Street, Box 565
West Chester, PA 19381-0565
Tel: (610) 430-8000
Fax: (610) 696-6668

*Counsel for Appellant*

# **TABLE OF CONTENTS**

*Volume 1(attached to Brief for Appellant)*                    *Location*

Notice of Appeal…………………………………………………………Appx. 1

Order …………………………………………………………..………...Appx.  3

Memorandum………………………………………………………Appx. 4


*Volume 2*

Docket entries…………………………………………………………Appx. 13

Motion For Reduced Sentence Pursuant to Section 404
of the First Step Act………………………………………….…..Appx. 39

Government's Response In Opposition to the Defendant's Third
Motion Under 28 U.S.C. § 2255…………………………………… Appx. 66

Disposition ……………………………………………………………. Appx. 81

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 05-576-2 |
| | : | |
| | : | CIVIL ACTION NOS. 16-3357, |
| SHAMEK HYNSON | : | 20-2636 |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Shamek Hynson, the above-named defendant, hereby appeals to the United States Court of Appeals for The Third Circuit from the denial of his Motion for a Reduced Sentence Under Section 404 of the First Step Act that was issued on June 3rd,2022 by the Honorable Juan R. Sanchez.

Respectfully submitted,

*Steve Jarmon*
Steve E. Jarmon
Attorney for Shamek Hynson

## <u>CERTIFICATE OF SERVICE</u>

I, Steve E. Jarmon, CJA appointed attorney, hereby certify that I have served a copy of the Notice of Appeal, by electronic notification via PACER upon Robert Zuazmer, Assistant United States Attorney, office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

*Steve Jarmon*
Steve E. Jarmon
Attorney for Shamek Hynson

DATE: June 16, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. 05-576-2 |
| v. | : | |
| | : | CIVIL ACTION NOS. 16-3357, 20-2636 |
| SHAMEK HYNSON | : | |

**ORDER**

AND NOW, this 3rd day of June, 2022, upon consideration of Defendant Shamek Hynson's Motion for a Reduced Sentence Under Section 404 of the First Step Act (Document No. 465), and the Government's Response in opposition, it is hereby ORDERED the Motion is DENIED for the reasons set forth in the accompanying Memorandum.

BY THE COURT:

/s/ Juan R. Sánchez
_____
Juan R. Sánchez,          C.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. 05-576-2 |
| v. | : | |
| | : | CIVIL ACTION NOS. 16-3357, 20-2636 |
| SHAMEK HYNSON | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                                **June 3,  2022**

In this Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act, Defendant Shamek Hynson seeks a further reduction from the imposition of this Court's original sentence.  Because the Court finds the sentence previously imposed on Hynson remains an appropriate one, his Motion shall be denied.

**CASE HISTORY**

This action originated in September 2005 when Hynson was indicted, along with his half-brother and two other individuals, on multiple drug and firearms offenses which arose out of his and his brother's operation of a violent drug trafficking organization based in Lancaster, Pennsylvania.  Two superseding indictments followed against Hynson and the same other three individuals, on February 22, 2007, and April 5, 2007.  Hynson was eventually tried and convicted in September 2007 under the second superseding indictment of one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack cocaine) and heroin, in violation of 21 U.S.C. § 846 (Count 1), two counts of using and carrying a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts 16 and 17), three counts of witness tampering in violation of 18 U.S.C. § 1512(b)(1) (Counts 28, 30 and 31), and one count

1

of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 33).   He was

acquitted on Count 29, and the Court later granted a judgment of acquittal as to Count 16.   On

August 10, 2009, Hynson was sentenced to a term of life imprisonment on Count 1, 240 months

each on Counts 28, 30 and 31, 180 months on Count 33, all to run concurrently to each other, and

120 months on Count 17, to run consecutively to the sentences imposed on the other Counts. Thus,

Hynson's total sentence was life plus 120 months to be followed by five years of supervised

release.   A $6,000 fine and $600 special assessment were also imposed.   Hynson appealed to the

Third Circuit Court of Appeals, which affirmed this Court's judgment on November 14, 2011.   He

thereafter filed a petition for rehearing *en banc* which the Third Circuit denied on April 16, 2012.

Recently, this Court partially granted Hynson's § 2255 motion with regard to Count 33 and ordered

him to be resentenced on that count alone.   In the instant motion, Hynson contends his sentence

should be reduced still further under Section 404 of the First Step Act of 2018, which made

retroactive portions of the Fair Sentencing Act of 2010, which itself lowered the statutory penalties

for certain crack cocaine offenses.

**DISCUSSION**

Hynson asserts he is eligible for relief under Section 404 because: (1) his drug offenses are

"covered offenses" within the meaning of the Act given they "involved crack cocaine and [he]

committed [them] before August 3, 2010," (2) the Court "previously 'imposed a sentence' on him

'for a covered offense'" and (3) he is "currently serving a sentence of life under the pre-FSA

statutory penalty structure for a crack cocaine offense, and this is his first Section 404 motion."

Def's Mot. for Impos. of Red. Sent., ECF 465, 6-8.[1]

---

[1]  Hynson's argument thus closely tracks the language of Section 404, which reads as follows:

Application of Fair Sentencing Act

2

The Government does not contest Hynson's eligibility for reconsideration of his sentence under Section 404 as the offenses for which he was sentenced on August 10, 2009 clearly occurred well before August 3, 2010, and the Fair Sentencing Act reduced his statutory penalties on the crack count. As the Government correctly notes, Hynson's post-Fair Sentencing Act penalty for conspiracy to possess with intent to distribute 58 grams of cocaine base (crack) would now be a term of imprisonment of not less than 5 nor more than 40 years under 28 U.S.C. § 841(b)(1)(B)(iii). This stands in contrast to the former statutory penalty prescribed in § 841(b)(1)(A) of not less than 10 years and no more than life imprisonment to which Hynson was subject at the time he was sentenced in 2009.[2] In addition, Hynson's offense level under U.S.S.G. § 4B1.1 would also be lower under the Fair Sentencing Act had he committed the offenses of conviction after August 3, 2010. This is because under the amendments, Hynson's statutory maximum sentence on Count 1

-------------------

(a)  Definition of covered offense.  In this section, the term "covered offense" means a violation of a federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) Defendants previously sentenced.  A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, or the attorney for the Government, or the court, may impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) Limitations.  No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by Sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.  Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

-------------------

[2]  Neither the Fair Sentencing Act nor the First Step Act would effectuate any changes to Hynson's sentence on any other offense.

3

would no longer be life, but would instead be 40 years. His new offense level would be 34 – not 37. *See* U.S.S.G. § 4B1.1(b).

In *Dorsey v. United States*, 567 U.S. 260 (2012), the Supreme Court determined the Fair Sentencing Act's lower mandatory minimums were applicable to those defendants who were sentenced after the Act's effective date of August 3, 2010, regardless of when the offense was committed. This does not help Hynson, however, as he committed *and* was sentenced well before the FSA took effect. However, under § 404(c), "[a]ction under the First Step Act is discretionary and does not entitle movants to either plenary resentencing or a resentencing hearing." *United States v. Bullock*, No. 20-3003, 2020 U.S. App. LEXIS 27426, *4 (3d Cir. Sept. 13, 2021) (citing § 404(c) of First Step Act that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Additionally, "when deciding whether to exercise its discretion under § 404(b) of the First Step Act to reduce a defendant's sentence, including the term of supervised release, the district court must consider all of the § 3553(a) factors to the extent they are applicable." *United States v. Easter*, 975 F.3d 318, 326 (3d Cir. 2020). Stated otherwise, "while a district court 'may' impose a reduced sentence, it is not required to do so. *Id*., at 327. "In making that decision, however, the court 'must' consider the factors Congress has prescribed to provide assurance that it is making an individualized determination." *Id.*

Under 18 U.S.C. § 3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection" and … "in determining the particular sentence to be imposed, shall consider –

　　(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

　　(2) the need for the sentence imposed –

4

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code …

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28 United States Code; …

(5) any pertinent policy statement -

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code … ;

    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

The Court carefully considered all of the above factors at the time Hynson was sentenced in 2009. Trans. of Sent. 35-36, ECF 360. In so doing, the Court began its analysis by observing

5

the case was about the unbridled ambition and greed of two brothers who founded, supervised, operated, financed, and managed a drug organization using ruthless violence and intimidation and involving at least eight other unindicted co-conspirators which placed the entire city of Lancaster, PA on high alert over a period of several years. It took tremendous law enforcement and investigative resources in no fewer than four states to interview hundreds of witnesses and thousands of hours to prosecute this matter. Hynson played the role of enforcer for the organization and used his girlfriend to straw purchase six handguns for him to either sell for profit or use to shoot people to get non-paying customers to pay their debts, keep unreliable "employees" in line, eliminate competition and retaliate against rival drug gang competitors. Hynson shot and seriously injured the innocent boyfriend of a woman who owed the organization money for drugs. Hynson also supplied the gun used to shoot and seriously injure another individual who was a known crack user and occasional seller of drugs for his and Isaac's drug trafficking enterprise. Hynson thereby terrorized the citizenry of Lancaster who learned through news reports that their hometown was under siege from drugs and violence. The nature and circumstances of the offenses in this matter were obviously very serious, dangerous, and violent. Sent. Tr., 36-37.

Hynson's personal history and characteristics are in keeping with the offenses for which he was convicted in this case. He began his criminal career at the age of 15 when he pled nolo contendere to possession with intent to sell, and sale and delivery of cocaine, manslaughter, and assault with a deadly weapon with intent to kill and/or inflict serious bodily harm. At the age of 18, Hynson pled guilty to strong-arm robbery. At age 23, he pled guilty to criminal conspiracy to commit armed robbery, and at 24, he pled guilty to attempted criminal possession of a controlled substance. At the time of sentencing, Hynson had active arrest warrants against him in North Carolina and South Carolina for charges of kidnapping, assault and battery with intent to kill, and

6

for probation violations, and while he had been released from probation from his first offenses, it was only because he was a fugitive for over three years. At the time of sentencing, Hynson was also facing charges in Chester County, Pennsylvania for other offenses arising out of this drug conspiracy, including first degree murder.[3] Sent. Tr. 37-40; PSR. 25. Hynson had no legitimate work history to speak of: he never held a job for longer than six months. He never married but did father one child, who at the time of sentencing was four-years-old, with the former girlfriend whom he coerced into making the straw firearms purchases in this case. Sent. Tr. 39; PSR. 28. Thus, in addition to never providing any financial or other support to his son, Hynson also evinced no qualms about involving the child's mother in his criminal enterprise. Observing that Hynson's personal history and characteristics demonstrated extreme and repeated disregard for the law and the value of human life, the Court concluded the sentence imposed needed to be lengthy to reflect the seriousness of Hynson's offenses, provide just punishment for his conduct, deter others from engaging in similar criminal conduct and protect the public from Hynson committing further crimes. Sent. Tr. 40-41.

Additionally, the Court considered Hynson's needs for educational and vocational training, medical care or other correctional treatment and found he was, at the age of 29 at the time, in good health with no history of medical problems or hospitalizations and he was not on any medications or under any physician's care. Although Hynson had reported marijuana usage in the past, he had not used marijuana in the past ten years nor ever experimented or used any other type of drugs. Hynson was never treated or sought treatment for any mental illness. "In short," Hynson was "healthy and dangerous." Sent. Tr. 41-42.

---

[3] Hynson was subsequently convicted in the Chester County Court of Common Pleas and sentenced to life plus ten years' imprisonment.

7

The Court has recently received several letters from Hynson's current girlfriend attesting to the loving nature of what seems to be his recently-developed relationship with her, and to Hynson's many good qualities, including his Christian faith, his desire to learn more about carpentry and real estate, among other things and to become a motivational speaker mentoring poor, at-risk youth, to the numerous educational and trade-related courses which he has taken in prison, and to the book he has written. With the exception of these letters and copies of fourteen certificates of completion of in-prison life and trade skills courses, Hynson offers no other submissions suggesting any changes should be made to the manner in which the Court previously weighed the § 3553(a) factors. Although Hynson may have taken advantage of prison programming and found a faith and someone who clearly loves him, the Government reports Hynson has also had no fewer than fifteen disciplinary citations during incarceration, most of which involve failure to obey prison orders and regulations, resulting in his placement in a high-security prison setting. To the extent Hynson has made some positive changes in his life, the Court finds they simply are not enough to warrant a hearing or to invalidate the Court's prior assessment of the § 3553(a) factors. Nor do they militate against the depraved and horrific nature of the crimes for which he stands convicted in this matter. The Court therefore sees no reason to disturb the sentence imposed on Hynson in August 2009, other than resentencing him on Count 33, as directed in the Order granting relief under 28 U.S.C. § 2255. For these reasons, the Court declines to so exercise its discretion and Hynson's motion to reduce his sentence under § 404 of the First Step Act is denied.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez

_____

Juan R. Sánchez,            C.J.

9