**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2134
_____

UNITED STATES OF AMERICA

v.

SHAMEK HYNSON,
   also known as SHY
   also known as LEGEND,
      Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-05-cr-00576-002)
U.S. District Judge: Honorable Juan R. Sanchez

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 16, 2023

_____

Before: SHWARTZ, MONTGOMERY-REEVES, and ROTH, Circuit Judges.

(Filed: July 10, 2023)
_____

OPINION*
_____

---

 * This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Shamek Hynson appeals the District Court's order denying his motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. Because the District Court properly considered each of the 18 U.S.C. § 3553(a) factors in declining to reduce Hynson's sentence, we will affirm.

I

A

Hynson was a supervisor of a Lancaster, Pennsylvania drug trafficking organization and acted as an "enforcer." D.C. Dkt. No. 360 at 37. In that role, Hynson (1) supplied drugs for resale; (2) paid straw purchasers to unlawfully buy guns for him and the organization; and (3) shot a customer who purportedly owed him money.

B

Following a jury trial, Hynson was convicted of (1) conspiracy to distribute fifty grams or more of crack cocaine and an unspecified quantity of heroin, in violation of 21 U.S.C. § 846; (2) witness tampering, in violation of 18 U.S.C. § 1512(b)(1), (b)(2); (3) possession of a firearm during or in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1);[1] and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

The Probation Office determined that Hynson was responsible for approximately

---

[1] After the verdict was returned, the District Court vacated the conviction on one of the § 924(c) counts because both counts were predicated on the same drug trafficking conspiracy.

fifty-eight grams of crack cocaine, which carried a base offense level of thirty. It also applied a three-level enhancement for Hynson's role in the offense and a two-level enhancement for witness tampering, resulting in an adjusted offense level of thirty-five. This offense level was superseded because Hynson was deemed both an armed career criminal and a career offender under U.S.S.G. §§ 4B1.1 and 4B1.4, respectively, which required an offense level of thirty-seven. With a total offense level of thirty-seven and a criminal history category of VI, the recommended Guidelines range was 360 months to life imprisonment. The § 924(c) conviction, however, required a mandatory term of ten years' imprisonment to run consecutively to any other term, and therefore the effective recommended Guidelines range for imprisonment was 480 months to life.

In 2009, the District Court sentenced Hynson to life imprisonment for the drug conspiracy count, and concurrent sentences of 180 months on the felon in possession count and 240 months for each of the witness tampering counts, to be followed by a consecutive sentence of 120 months for the § 924(c) count. Hynson appealed his conviction, and we affirmed. United States v. Hynson, 451 F. App'x 91 (3d Cir. 2011) (nonprecedential).

In 2019, Hynson moved to reduce his sentence under § 404 of the First Step Act, which made retroactive those provisions in the Fair Sentencing Act that increased the

threshold quantities of crack cocaine required to trigger the mandatory penalties in 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B).[2]

The District Court denied the motion. United States v. Hynson, No. 05-576-2, 2022 WL 1909280, at *1 (E.D. Pa. June 3, 2022). The Court determined that the Fair Sentencing Act reduced Hynson's statutory penalty and total offense level from thirty-seven to thirty-four, but it declined to exercise its discretion to reduce his sentence. Id. at *2, *4. In reaching that conclusion, the Court considered facts discussed at Hynson's 2009 sentencing, including: (1) his role in a "very serious, dangerous, and violent" offense and its impact on the Lancaster area, id. at *3; (2) his personal history and characteristics, including his criminal history, which the Court described as having "demonstrated extreme and repeated disregard for the law and the value of human life," id.; (3) Hynson's health and his need for educational and vocational training and correctional treatment, id. at *4; and (4) the need for a sentence that reflects the seriousness of the crimes and punishes the offender, deters others, and protects the public, id. at *3.

The District Court also considered new information, including letters from Hynson's girlfriend attesting to their relationship, his faith, his desire to learn a trade and to mentor at-risk youth, the educational and trade-related courses he has taken in prison, and the book he has written. Id. at *4. The Court also acknowledged that since his 2009

---

[2] The Fair Sentencing Act reduced the statutory penalty for Hynson's drug conspiracy count from ten years to life under 21 U.S.C. § 841(b)(1)(A), to five to forty years under § 841(b)(1)(B). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372.

sentencing, Hynson (1) completed fourteen life and trade skills courses, id.; (2) was convicted of murder and other crimes arising out of the same drug conspiracy for which he was previously convicted, id. at *3 & n.3; and (3) had fifteen disciplinary infractions, mostly for failing to comply with prison orders and regulations, id. at *4. The District Court concluded that Hynson's positive post-sentencing behavior did not outweigh the severity of his crime and the other facts it discussed, and therefore declined to reduce Hynson's sentence. Id.

Hynson appeals.

II[3]

Section 404(b) of the First Step Act provides that a court "may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. Section 404(c) further provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Id.; see also United States v. Jackson, 964 F.3d 197, 201 (3d Cir. 2020) (stating that defendant's eligibility for a reduction under the First Step Act "does not mean he is

---

[3] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582(c)(1)(B), and the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. We have jurisdiction under 28 U.S.C. § 1291. Because Hynson's challenge is directed at "how the District Court exercised its discretion in considering [the 18 U.S.C § 3553(a)] factors," we review its ruling for abuse of discretion. United States v. Easter, 975 F.3d 318, 322 & n.4 (3d Cir. 2020); see also United States v. Shields, 48 F.4th 183, 189 (3d Cir. 2022) ("Where a district court finds a defendant eligible for a sentence modification under 18 U.S.C. § 3582(c) but either declines to reduce the sentence or imposes a reduced sentence with which the movant is not satisfied, we review for abuse of discretion.").

entitled to it" (quotation marks omitted)). Thus, once a district court finds that a defendant is entitled to be resentenced under the First Step Act, it then has the discretion to determine whether it should impose a reduced sentence. In deciding whether to exercise this discretion, a district court may consider the "record from the original sentencing, including the PSR, the transcript of the sentencing hearing, and the sentence imposed," United States v. Shields, 48 F.4th 183, 193 (3d Cir. 2022), and may also "consider intervening changes of law or fact," Concepcion v. United States, 142 S. Ct. 2389, 2404 (2022). Using this information, the sentencing court then "must consider anew all of the [18 U.S.C.] § 3553(a) factors" to the extent they are applicable, "includ[ing] post-sentencing developments, such as health issues or rehabilitation." United States v. Easter, 975 F.3d 318, 320, 323, 327 (3d Cir. 2020).

Here, the District Court considered its original sentencing findings and post-sentencing developments, examined the § 3553(a) factors, and exercised its discretion not to reduce Hynson's sentence. As required by § 3553(a), the Court considered the serious nature and circumstances of Hynson's offense, his personal circumstances, including his health and educational needs, and the need for a sentence that punished the offender, deterred others, and protected the public, which the District Court discussed in detail at Hynson's 2009 sentencing, and which remain unchanged. Hynson, 2022 WL 1909280, at *3-4.[4]

---

[4] Hynson made no arguments concerning § 3553(a)(2)(D), which considers the need for a sentence to provide training, medical care, or other correctional treatment.

The District Court also reviewed "post-sentencing developments," including Hynson's "rehabilitation arguments." Easter, 975 F.3d at 327. The Court considered the letters from Hynson's current girlfriend that described their relationship, his faith, his desire to learn, mentor, and become a motivational speaker, and the book he had written. Hynson, 2022 WL 1909280, at *4. The Court also noted the fourteen educational programs Hynson completed as well as his fifteen disciplinary infractions since his incarceration. Id.

The District Court thus considered the § 3553(a) factors based upon both the facts as they existed at sentencing and post-sentencing developments and concluded that the post-sentencing events did not outweigh the serious crimes Hynson committed.[5] We therefore conclude that the Court acted well within its discretion in declining to reduce Hynson's sentence.[6]

### III

For the foregoing reasons, we will affirm.

---

[5] Hynson asserts that the District Court erred in not giving renewed consideration to the § 3553(a) sentencing factors when it denied his motion for a reduced sentence. That assertion lacks merit. As recounted above, the District Court freshly considered the § 3553(a) factors before declining to reduce Hynson's sentence.

[6] Contrary to Hynson's contention, the District Court was not required to recalculate the recommended Guidelines range. Appellant Br. at 5 (quoting Easter, 975 F.3d at 326). Indeed, district courts are no longer "empower[ed] . . . to 'recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act.'" United States v. Shields, 48 F.4th 183, 190 (3d Cir. 2022) (quoting Concepcion v. United States, 142 S. Ct. 2389, 2402 n.6 (2022). The District Court correctly recalculated Hynson's statutory penalty and total offense level as though the Fair Sentencing Act had been in place at the time of his sentencing. Hynson, 2022 WL 1909280, at *2.